UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA GRIFFIN and JOY GARDNER, on Behalf of Themselves and a Class of Persons Similarly Situated,

CASE NO.: 2:10-cv-10610

          Plaintiffs,

v.

FLAGSTAR BANCORP, INC.; REBECCA A. LUCCI; ERIN ENGLAND; JOHN DOES 1-10, AND RICHARD ROES 1-20,

          Defendants.
_____/

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the Flagstar Bank 401(k) Plan (the *"Plan"*).

The terms of the *Settlement* are set out in the Class Action Settlement Agreement fully executed as of May 2, 2013 (the *"Agreement"* or *"Settlement Agreement"*), by counsel on behalf of the *Named Plaintiffs* and the *Defendant*.[1]

Pursuant to *Named Plaintiffs'* Motion for Preliminary Approval, on May 2, 2013, the *Court* preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the proposed *Settlement*

---

[1] Capitalized and Italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

*Class*. Upon reviewing the *Settlement Agreement* and the matter having come before the *Court* on July 25, 2013, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

    1.    **Class Findings:** Solely for the purposes of the *Settlement*, the *Court* finds that the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, the Rules of the *Court* and any other applicable law have been met as to the *Settlement Class* defined in paragraph 2 below, in that:

    (a)    The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(1), the *Settlement Class* is ascertainable from records kept with respect to the *Plan* and from other objective criteria, and that the members of the *Settlement Class* are so numerous that their joinder before the *Court* would be impracticable.

    (b)    The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the *Settlement Class*.

    (c)    The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(3), the claims of the *Named Plaintiffs* are typical of the claims of the *Settlement Class*.

    (d)    The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(4), the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in that: (i) the interests of the *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*, (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*, and (iii) the *Named Plaintiffs* and the members of the *Settlement Class* are represented by qualified,

reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions.

(e) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of: (i) inconsistent or varying adjudications as to individual *Settlement Class* members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this *Action* and (ii) adjudications as to individual *Settlement Class* members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f) The *Court* preliminarily finds for purposes of settlement only, that, as required by FED. R. CIV. P. 23(g), *Class Counsel* are capable of fairly and adequately representing the interests of the *Settlement Class*, in that *Class Counsel* (i) have done appropriate work identifying and investigating potential claims in the action, (ii) are experienced in handling ERISA class actions, and (iii) have committed the necessary resources to represent the *Settlement Class*.

2. **Class Certification** – The *Court*, in conducting the settlement approval process required by FED. R. CIV. P. 23 certifies, for purposes of settlement only, the following class under FED. R. CIV. P. 23(b)(1) (the "*Settlement Class*"):

> All current and former participants and beneficiaries of the Flagstar Bank 401(k) Plan (the "Plan") for whose individual accounts the Plan held shares of common stock of Flagstar Bancorp, Inc. ("Flagstar" or the "Company") at any time from December 31, 2006 to May 2, 2013, inclusive.

The *Court* appoints the *Named Plaintiffs* as representatives for the *Settlement Class* and *Class Counsel* as counsel *for the Named Plaintiffs* and the *Settlement Class* under Fed R. Civ. P.

23(g)(1). Any certification of a preliminary *Settlement Class* pursuant to the terms of the *Settlement Agreement* shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against *Defendant,* that (except for the purposes of the *Settlement*) this *Action* or any other action is appropriate for class treatment under FED. R. CIV. P. 23 or any similar federal or state class action statute or rule.

3. **Preliminary Findings Regarding Proposed** *Settlement* – The *Court* preliminarily finds that (i) the proposed *Settlement* resulted from extensive arm's-length negotiations, (ii) the *Settlement Agreement* was executed only after *Class Counsel* had conducted appropriate investigation and fact-finding regarding the strengths and weaknesses of *Plaintiffs'* claims, (iii) *Class Counsel* have substantial experience in ERISA class action cases and *Class Counsel* concluded that the proposed *Settlement* is fair, reasonable and adequate, and (iv) the proposed *Settlement* is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed *Settlement* to the *Settlement Class*. Having considered the essential terms of the *Settlement Agreement* under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the *Court* finds that those whose claims would be settled, compromised, dismissed and/or released pursuant to the *Settlement* must be given notice and an opportunity to be heard regarding final approval of the *Settlement* and other relevant matters.

4. *Fairness Hearing* – A hearing is scheduled for **December 3, 2013 at 2:30 p.m.** (the *"Fairness Hearing")* to determine, among other things:

- Whether the *Settlement* merits final approval as fair, reasonable and adequate;

- Whether the *Action* should be dismissed with prejudice pursuant to the terms of the *Settlement*;

- Whether the notice method proposed by the *Parties*: (i) constitutes the best

practicable notice, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for purposes of entering into the *Settlement*;

- Whether the proposed *Plan of Allocation* should be approved; and

- Whether any motion(s) for attorneys' fees and reimbursement of expenses and *Case Contribution Awards* to the *Named Plaintiffs* is fair and reasonable and should be approved.

5.  **Class Notice** – The *Named Plaintiffs* and *Class Counsel* have presented to the *Court* a proposed form of *Class Notice*, appended hereto as Exhibit 1, and a *Summary Notice* appended hereto as Exhibit 2. The *Court* finds that such forms fairly and adequately: (a) describe the terms and effect of the *Settlement Agreement*, the *Settlement* and the *Plan of Allocation*, (b) notify the *Settlement Class* that *Class Counsel* will seek attorneys' fees and reimbursement of expenses from the *Settlement Fund* up to limits stated therein and for *Case Contribution Awards* up to $5,000 for the two *Named Plaintiff* for their service in such capacities, (c) give notice to the *Settlement Class* of the time and place of the *Fairness Hearing*, and (d) describe how the recipients of the *Class Notice* may object to any of the relief requested. *Named Plaintiffs and Class Counsel* have proposed the following manner of communicating the notice to members of the *Settlement Class*, and the *Court* finds that such proposed manner is the

5

best notice practicable under the circumstances. Accordingly, the *Court* directs that *Class Counsel* shall:

- By no later than **August 26, 2013**, cause the Notice of Class Action Settlement in the form of Exhibit 1 hereto, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be mailed by first-class mail, postage prepaid, to the last known address of each member of the *Settlement Class* who can be identified by reasonable effort. In connection with *Class Notice*, the *Company* shall request as soon as reasonably possible that records reasonably available in computer readable format sufficient to reflect the names and last known addresses of members of the *Settlement Class* be made available from the *Plan* to *Class Counsel* to be used solely for purposes of this *Settlement*. The names and addresses *Class Counsel* obtains pursuant to this Order shall be used solely for the purpose of providing notice of this *Settlement*.

- By no later than **September 3, 2013**, cause the Summary Notice in the form appended hereto as Exhibit 2 to be published in Business Wire and on a settlement-related website.

6. **Objections to *Settlement*** – Any member of the *Settlement Class* who wishes to object to the fairness, reasonableness or adequacy of the *Settlement*, to any term of the *Settlement Agreement*, to the *Plan of Allocation*, to the proposed award of attorneys' fees and expenses or to the request for *Case Contribution Awards* for the *Named Plaintiffs* may file an objection. An objector must file with the Court Clerk a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection, including any legal support and/or evidence that such objector wishes to bring to the attention of the *Court* or introduce in support of such objection, as

6

well as information sufficient to show that the objector is a member of the *Settlement Class*. The objector must also mail copies of the objection and all supporting law and/or evidence to *Class Counsel* and to counsel for the *Defendants*. The addresses for filing objections with the *Court* and service on counsel are as follows:

*For Filing:*

> Clerk of the Court,
> United States District Court
>     for the Eastern District of Michigan (Southern Division),
> Theodore Levin U.S. Courthouse
> 231 W. Lafayette Blvd.
> Detroit, MI 48226
> Re: *Griffin v. Flagstar Bancorp, Inc. et al*, Docket No. 2:10-cv-10610

*To Class Counsel:*

| STULL, STULL & BRODY | IZARD NOBEL LLP |
|---|---|
| Attn: Michael J. Klein, Esq. | Attn: Robert A. Izard |
| 6 East 45th Street | 29 South Main Street, Suite 215 |
| New York, NY 10017 | West Hartford, CT 06107 |

*To Defendants' Counsel:*

> **QUINN EMANUEL URQUHART OLIVER & HEDGES LLP.**
> Attn: Jon Steiger
> 865 S. Figueroa St 10th Floor
> Los Angeles, Ca 90017

Any objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the *Court* by no later than **November 13, 2013**. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the *Court* by no later than **November 20, 2013**. Any member of the *Settlement Class* or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived,

and shall be foreclosed from raising, any objection to the *Settlement* (in this proceeding, on any appeal or in any other proceedings), and any untimely objection shall be barred absent an Order from the *Court*.

7. Counsel shall file their final brief in support of settlement no later than **October 28, 2013.**

8. **Appearance at *Fairness Hearing*** – Any objector who files and serves a timely and valid written objection in accordance with paragraph 6 above may also appear at the *Fairness Hearing* either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Fairness Hearing* must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney), and information sufficient to show that the objector is a member of the *Settlement Class*, on *Class Counsel* and *Defendants*' counsel (at the addresses set out above) and file it with the Court Clerk by no later than **November 29, 2013**. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Fairness Hearing*, except by Order of the *Court*.

9. ***Class Notice* Expenses** – The expenses of printing and mailing and publishing all notices required hereby shall be paid as described in Section 8.2 of the *Settlement Agreement*.

10. **Service of Papers** – *Defendant's* counsel and *Class Counsel* shall promptly furnish each other with copies of any and all objections that come into their possession, and shall make sure the same are electronically filed with the Court.

11. **Termination of *Settlement*** – This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their

8

respective positions as of January 10, 2013, if the *Settlement* is terminated in accordance with the terms of the *Settlement Agreement*.

      12.    **Use of Order** – This Order is not admissible as evidence for any purpose against *Defendant* or any current or former affiliate, officer, director or agent of *Defendant,* in any pending or future litigation involving any of the *Parties* or otherwise. This Order shall not be construed or used as an admission, concession, or declaration by or against *Defendant* or any current or former affiliate, officer, employee or agent of *Defendant* of any fault, wrongdoing, breach, or liability and *Defendant* specifically denies any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against *Plaintiffs* or the *Settlement Class* that their claims lack merit or that the relief requested in the *Action* is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendant* to class certification, in the event that the *Settlement Agreement* is terminated. Moreover, the *Settlement Agreement* and any proceedings taken pursuant to the *Settlement Agreement* are for settlement purposes only. Neither the fact of, nor any provision contained in the *Settlement Agreement* or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

      13.    **Jurisdiction** – The *Court* hereby retains jurisdiction for purposes of implementing the *Settlement*, and reserves the power to enter additional orders to effectuate the

fair and orderly administration and consummation of the *Settlement* as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

14.     **Bar Order.**  Pending final determination of whether the *Settlement* should be approved, the *Named Plaintiffs*, the *Plan*, the *Plan*'s fiduciaries, and all members of the *Settlement Class* are each hereby barred and enjoined from instigating, instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts any *Released Claim* against any *Released Party*.

15.     **Continuance of Hearing** – The *Court* reserves the right to continue the *Fairness Hearing* without further written notice.

SO ORDERED this 29th day of July, 2013.

s/Paul D. Borman  
HON. PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2013.

s/Deborah Tofil  
Deborah Tofil  
Case Manager (313) 234-5122