# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DEBRA GRIFFIN and JOY GARDNER, on Behalf of Themselves and a Class of Persons Similarly Situated, | Case Number: 2:10-cv-10610 |
| | PAUL D. BORMAN |
| | UNITED STATES DISTRICT JUDGE |
|              Plaintiffs, | |
| v. | |
| FLAGSTAR BANCORP, INC.; REBECCA A. LUCCI; ERIN ENGLAND; JOHN DOES 1-10, AND; RICHARD ROES 1-20, | |
|              Defendants. | |
| _____/ | |

## ORDER AND FINAL JUDGMENT

This Action came on for hearing on December 3, 2013 to determine the fairness of the proposed settlement (the "Settlement") which has been presented to the Court and which was the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement (ECF No. 45). The issues having been duly heard and a decision having been duly rendered, and for the reasons stated more fully in this Court's Opinion and Order (1) Granting Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of Settlement Class and Approval of Plan of Allocation and (2) Granting Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Case Contribution Awards (the "Opinion and Order") filed separately this day in support of this *Judgment*,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Order and Final Judgment shall have the same meanings ascribed to them in the Class Action Settlement Agreement ("the *Settlement Agreement*") between *Plaintiffs* and *Defendants*.

1. The *Court* has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Settlement Class*.

2. For the sole purpose of settling and resolving the *Action*, the *Court* certifies this action as a class action under Fed. R. Civ. P. 23(b)(1). The *Settlement Class* is defined as:

> All current and former participants and beneficiaries of the Flagstar Bank 401(k) Plan (the "Plan") for whose individual accounts the Plan held shares of common stock of Flagstar Bancorp, Inc. ("Flagstar" or the "Company") at any time from December 31, 2006 to May 2, 2013, inclusive.

3. *Named Plaintiffs* Debra Griffin and Joy Gardner (the "*Named Plaintiffs*") are appointed as *Settlement Class* representatives, and Stull, Stull & Brody and Izard Nobel LLP (collectively "*Class Counsel*") are appointed as counsel for the *Named Plaintiffs* and the *Settlement Class* pursuant to Fed. R. Civ. P. 23(g).

4. For reasons stated more fully in the Court's Opinion and Order filed separately this day, the *Court* finds for the sole purpose of settling and resolving the *Action* that:

   (a) The *Settlement Class* is so numerous that it is impractical to bring all Settlement Class members before the *Court* individually. Flagstar has identified 2,952 Class Members.

   (b) The class allegations, which are allegations only, and all of which are denied by *Defendant*, present common questions of law and/or fact, including:

   (i) Whether the *Defendant* breached fiduciary obligations to the *Plan*

        and participants by causing the *Plan* to offer *Company* stock or the *Fund* (used interchangeably herein) as an investment option for the *Plan* at a time when the *Defendant* allegedly knew or should have known that the stock was not a prudent investment for the *Plan*;

(ii) Whether the *Defendant* breached fiduciary obligations to the *Plan* and its participants by causing the *Plan* to make and maintain investments in *Company* stock, at such times when and on such terms and conditions that it allegedly was not prudent to do so;

(iii) Whether *Defendant* breached fiduciary obligations to the *Plan* and its participants by failing to prudently monitor other fiduciaries, such that the *Plan* and its participants' interests allegedly were not adequately protected and served;

(iv) Whether as a result of the alleged fiduciary breaches engaged in by the *Defendant*, the *Plan* and its participants and beneficiaries suffered losses.

(c) Fed. R. Civ. P. 23(a)(3) that the claims of the proposed representative plaintiffs be typical of the claims of the proposed class. That requirement is satisfied where the claims of the proposed representative plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the proposed class members, and where the claims are based on the same legal theory. In the present case, the *Named Plaintiffs* allege that they were *Plan* participants or beneficiaries during the *Class Period* with *Plan* accounts that

3

included investments in *Company* stock, that the *Plan's* fiduciaries treated them and all other *Plan* participants alike, and that *Plan*-wide relief is necessary and appropriate under ERISA. Under these circumstances, for purposes of *Settlement* only, and subject to the foregoing, the claims asserted by the *Named Plaintiffs* are sufficiently typical of the claims asserted by the *Settlement Class* as a whole to satisfy Fed. R. Civ. P. 23(a)(3).

(d) The requirements of Fed. R. Civ. P. 23(a)(4) are also satisfied. The *Court* is satisfied that *Class Counsel* are qualified, experienced, have represented and are further prepared to represent the *Settlement Class* to the best of their abilities. For the purposes of this *Settlement*, the *Court* finds that the *Named Plaintiffs* have no conflicting interests with absent members of the *Settlement Class*.

(e) The *Settlement Class* satisfies the requirements of Fed. R. Civ. P. 23(a) and also the requirements of Fed. R. Civ. P. 23(b)(1). Given the *Plan*-representative nature of the *Named Plaintiffs'* breach of fiduciary duty claims, there is a risk that prosecution of separate actions by individual members of the *Settlement Class* could result in adjudications with respect to individual *Settlement Class* members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or that would substantially impair or impede their ability to protect their interests and there is also a risk of inconsistent dispositions that might prejudice the *Defendant*. This case is appropriate for class certification,

for the purposes of this *Settlement*, under Fed. R. Civ. P. 23(b)(1).

(f) The *Court* has also considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that *Class Counsel* will fairly and adequately represent the interests of the *Settlement Class*. *Class Counsel* has done the work necessary to identify or investigate potential claims in the *Action*, to investigate the allegations made in the *Complaint*, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation and during certain discovery and consulting with experts. *Class Counsel* has extensive and successful experience in handling class actions and claims of the type asserted in this *Action*. They have refined their allegations through a consolidated amended pleading. *Class Counsel* have also demonstrated, in connection with the briefing in this *Action*, extensive knowledge of the applicable law. The *Court* concludes that *Class Counsel* have fairly and adequately represented the interests of the *Settlement Class*.

(g) The *Settlement Class* has received proper and adequate notice of the *Settlement Agreement*, the *Fairness Hearing*, *Class Counsel's* motion for attorneys' fees and reimbursement of expenses and for the *Named Plaintiffs' Case Contribution Awards*, and the *Plan of Allocation*, such notice having been given in accordance with the Order Granting Preliminary Approval of Class Action Settlement. Such notice included notice to all members of the *Settlement Class* who could be identified through reasonable efforts, as well

as summary notice via national business wire service and making the documentation available through a settlement website, and has provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

5. Pursuant to Fed. R. Civ. P. 23(e), for the reasons that follow and for the reasons stated more fully in the *Court's* Opinion and Order filed separately this day, the *Court* hereby approves and confirms the *Settlement Agreement* as a fair, reasonable and adequate settlement and compromise of the *Action*, and more particularly finds:

    (a)    The *Settlement* was negotiated vigorously and at arm's-length by counsel for the *Defendant*, on the one hand, and *Class Counsel* on behalf of the *Settlement Class*, on the other;

    (b)    This *Action* settled after the *Parties* had completed sufficient factual and legal research to understand the strengths of their proofs. The *Settlement* was also reached following arm's-length negotiations among counsel with the assistance of an experienced mediator. *Class Counsel* and *Defendant* had sufficient information to evaluate the settlement value of the *Action*;

    (c)    If the *Settlement* had not been achieved, *Named Plaintiffs* and *Defendant* faced the expense, risk and uncertainty of extended litigation;

    (d)    The amount of the *Settlement* is fair, reasonable, and adequate. The *Settlement* amount is within the range of settlement values obtained in similar

cases;

  (e) At all times, *Class Counsel* and *Named Plaintiffs* have acted independently of *Defendant* and in the interest of the *Settlement Class*; and

  (f) No objections to the *Settlement* were filed and no objectors appeared at the *Final Fairness Hearing*.

6. For the above-stated reasons, and for reasons stated more fully in the *Court's* Opinion and Order filed separately this day, the Court hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

7. The *Plan of Allocation*, attached to the *Settlement Agreement* as Exhibit C, is approved as fair and reasonable, and the Parties are directed to administer the *Plan of Allocation* in accordance with its terms and provisions. This *Court* retains jurisdiction over the *Plan of Allocation* to the extent necessary to ensure that it is fully and fairly implemented.

8. Neither the *Plaintiffs* nor the *Defendant* have, for purposes of any form of estoppel, "prevailed" upon any argument or position related to class certification with respect to this *Action* and *Plaintiffs* would not be prejudiced if (i) this *Settlement* were not approved or such approval were reversed on appeal and (ii) *Defendant* later objected to the certification of any proposed class in this *Action*.

9. *Defendant* has filed a "Notice of Filing Regarding Class Action Fairness Notice," documenting compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. (ECF No. 52, Notice of Filing Regarding Class Action Fairness Notice, Declaration of Christina Peters-Stasiewicz Regarding Class Action Fairness Notice.) *Defendant* mailed notice of the

settlement agreement on or about August 21, 2013 to the Attorney General of the United States, the Attorneys General of each state and U.S. territory, the Federal Reserve Bank of Chicago and relevant Offices of the Comptrollers. (ECF No. 52, Peters-Stasiewicz Decl. ¶ 5.) The *Court* finds that *Defendant* has complied with the requirements of 28 U.S.C. § 1715. This Final Order and Judgment is issued more than 90-days following the mailing of the CAFA Notices, in compliance with 28 U.S.C. § 1715(d).

10.    All persons who have not made their objections to the *Settlement* in the manner provided for in the *Notice* are deemed to have waived any objections by appeal, collateral attack or otherwise.

11.    The *Action* is hereby dismissed with prejudice, each party to bear his, her or its own costs, except as expressly provided herein.

12.    The *Court* approves the Releases and injunctive relief as set forth in Section 4 of the *Settlement Agreement*. The *Named Plaintiffs*, the *Plan*, the *Plan's* fiduciaries, and all members of the *Settlement Class* are each hereby permanently barred and enjoined from instigating, instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts any *Released Claim* against any *Released Party*. Similarly, *Defendant's* Releases of the *Named Plaintiffs*, the *Settlement Class* and *Plaintiffs'* counsel are approved.

13.    Neither this Order and Final Judgment, the Opinion and Order filed separately this day, the *Settlement Agreement*, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, shall be:

    (a)    offered or received against the *Defendant* or any other *Released Party* as evidence of or construed as or deemed to be evidence of any presumption,

      concession, or admission by the *Defendant* with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the *Action* or in any litigation, or the deficiency of any defense that has been or could have been asserted in the *Action* or in any proceeding, or of any liability, negligence, fault, or wrongdoing of the *Defendant* or any *Released Party*, including without limitation any current or former affiliate, officer, employee or agent of the *Defendant*;

(b)     offered or received against the *Defendant* or any other *Released Party* as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by *Defendant* or any of the *Released Parties*;

(c)     offered or received against the *Defendant* or any other *Released Party* as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against the *Defendant* or *Released Parties*, including without limitation any current or former affiliate, officer, employee or agent of *Defendant*, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the *Settlement Agreement*; provided, however, that *Defendant* or *Released Parties* may refer to it to effectuate the liability protection granted them hereunder;

      (d)      construed against the *Defendant* or any other *Released Party* as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial or of the validity of any claims in the *Action* or of any wrongdoing;

      (e)      construed as or received in evidence as an admission, concession or presumption against the *Named Plaintiffs* or any of the *Settlement Class* members that any of their claims are without merit, or that any defenses asserted by the *Defendant* has any merit, or that damages recoverable under the *Complaint* would not have exceeded the *Settlement Fund*.

14.      *Class Counsel* are hereby awarded $900,000 of the *Class Settlement Amount* as and for their attorneys' fees, which sum the Court finds to be fair and reasonable, as more fully explained in the Opinion and Order filed separately this day. *Class Counsel* are hereby awarded $62,473.72 in reimbursement of their litigation expenses, which expenses the *Court* finds to have been reasonably incurred. *Named Plaintiffs* are hereby awarded *Case Contribution Awards* in the amount of $5,000 each. The award of attorneys' fees and expenses, with interest on such amounts from the date the *Settlement Fund* was funded to the date of payment at the same net rate the *Settlement Fund* earns, and the *Case Contribution Awards* shall be paid from the *Settlement Fund* pursuant to the terms of the *Settlement Agreement*. Any modification or change in the award of attorneys' fees and expenses or in the *Case Contribution Awards* to the *Named Plaintiffs* that may hereafter be approved shall in no way disturb or affect this *Judgment* or the releases provided hereunder and shall be considered separate from this *Judgment*.

15.      This Action is dismissed with prejudice. The Court shall retain exclusive jurisdiction

to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement*, including implementation of the *Plan of Allocation* attached to the *Settlement Agreement* as Exhibit C, or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, the *Judgment*, the *Settlement Agreement*, the *Plan of Allocation* or the termination of the *Settlement Agreement*.

16. All other provisions of the *Settlement Agreement* are incorporated into this *Judgment* as if fully rewritten herein. To the extent that the terms of this *Judgment* conflict with the terms of the *Settlement Agreement*, the *Settlement Agreement* shall control.

17. Without further order of the *Court*, the parties may agree to reasonable extensions of time to carry out any of the provisions of the *Settlement Agreement*.

18. In the event that the *Settlement Agreement* is terminated in accordance with its terms, this *Judgment* shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to the *Parties* revert to its status as of January 10, 2013. The *Parties* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

IT IS SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: December 12, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2013.

                                          s/Deborah Tofil
                                          Case Manager